NOTE.— This is a further proceeding in *S. C.*, *ante*, *p.*41–50.

---

## SUPREME COURT.

SOPHIA A. KINNAN, executrix, &c., agt. EGBERT GUERNSEY, executor, &c., and others.

*Deed of settlement— Terms of— Power granted ample to justify the done thereof by will, to charge the trust estate with the paying of her debts — Absolute power of disposition embraces everything necessary to carry it out effectively.*

Edgar H. Laing, by a deed of settlement executed in 1846, settled the rents and profits of certain property upon his wife Sophia for life, and, upon her decease, " then upon trust to convey and transfer said premises to such person or persons and in such manner as the said Sophia, by her last will and testament, * * * which she is hereby authorized to make and execute, may direct, limit or appoint." She, in 1876, executed her last will, reciting, among other things, that her mother had recovered a judgment against her for $25,000, and referring to a contract entered into by her, " in and by which I also bind myself to pay and discharge the said judgment of my mother. * * * Now, therefore, in and by this will, pursuant to the authority contained in said trust deed, I do hereby authorize, ratify and confirm such application of so much of my principal as may be found necessary to carry out said agreement." She gives her residuary estate to her executors in trust, after paying all debts.

*Held*, that the mother of the testatrix, referred to above, is entitled to have the estate and property embraced within the deed of settlement, and referred to in the will, applied by the executor and trustee under the will to the payment and satisfaction of the judgment.

*Special Term, October,* 1882.

*Evarts, Southmayd & Choate,* for plaintiff.

*Charles Francis Stone and John K. Porter,* for defendants.

VAN VORST, *J.* — The deed of settlement of the 4th day of May, 1846, executed by Edgar H. Laing to James M. Cobb, in favor of Sophia V. D. Laing, the wife of the settlor, by which the rents, issues and profits of the property and estate, described in said deed, were limited to her use for life, contained a clause in the words, " and from and after the decease of the said Sophia, then upon trust to convey and transfer the said premises to such person or persons, to such uses and purposes, and in such manner as the said Sophia by her last and will testament, or by any instrument in the nature of a last will and testament, duly made and executed by her, in the manner in which wills of real estate are or may be required to be executed, and which the said Sophia is hereby authorized to make and execute, may, whether *sole* or *covert*, direct, limit or appoint."

Sometime after the execution of the deed, Edgar H. Laing, the settlor, died, leaving his wife, Sophia, him surviving, the deed, however remaining in full force. The widow of the settlor afterwards intermarried with J. S. Reynolds.

In November, 1872, Mrs. Reynolds made and executed her last will and testament, in and by which, amongst other things, she says and declares :

"Whereas my son, Alexander K. Laing, has recovered a judgment in the supreme court and a decree in the surrogate's court against me, amounting in all to over three hundred thousand dollars, and there is another judgment, in favor of my mother, against me for the sum of twenty-five thou-

Kinnan agt. Guernsey.

sand dollars and · over; and whereas I have, on the advice of my friends, entered into a contract, dated July 20, 1872, between myself, Agustus W. Nicoll, my present trustee under · said trust deed, and my son, Alexander K. Laing, by which said Alexander K. Laing agrees to take one hundred thousand dollars in full satisfaction of his judgment, and by which I and my trustee agree to pay the same, and in and by which agreement I also bind myself to pay and discharge the said judgment of my mother; and whereas an application is about being made to the supreme court for leave for my trustee to apply so much of the principal of the trust estate as may be necessary to carry out said contract. Now, therefore, in and by this will, pursuant to the authority contained in said trust deed, I do hereby authorize, ratify and confirm such application of so much of the principal as may be found necessary to carry out said agreement, whether the same shall or shall not be confirmed by the court."

And afterwards, in her will, the testatrix provides as follows :

"*Third.* All of my remaining estate, real and personal, including the trust estate, which I am so authorized to dispose of by will, I give, devise and bequeath unto my said executor and trustees, in trust, after paying all debts, and funeral and other expenses."

After making her will the testatrix died. This action is brought by the mother of the testatrix, who is the plaintiff in the judgment for twenty-five thousand dollars and over, referred to in the above extract from the will of the testatrix, in which she seeks to have the estate and property embraced within the deed of settlement, and referred to in the will, applied by the executor and trustee under the will, or so much thereof as may be necessary for the purpose, to the payment and satisfaction of the judgment.

Whether or not the plaintiff is entitled to the relief which she seeks in this action, depends upon the fact as to whether the testatrix was empowered by the terms of the deed of

settlement to authorize and direct, by her last will and testament, the application of the settled estate to such a purpose, and if so whether she has clearly directed such application.

In making her testamentary disposition in this regard the testatrix was plainly acting, as she supposed, in pursuance of the power to appoint created by the deed. Her reference to that instrument in her will, and to the authority she possessed under it, makes the matter sufficiently plain.

But whatever may have been her purpose, the validity of the disposition which she in the end made is to be tested by the extent of the power actually conferred upon her. The power is general and beneficial (1 *R. S.*, 732, *sections* 77, 79; *Cutting* v. *Cutting*, 86 *N. Y.*, 531). Notwithstanding such be its character, still it must be exercised in substantial accord with the authority granted, and with the formalities required by the power conferred. With regard to the latter requirement, the form chosen by the donee of the power is such as she was authorized to adopt, in disposing of the estate held in trust, and she could have adopted no other method of appointment than by her will and testament.

The question arises, has the testatrix by her testamentary disposition gone beyond the power and devoted the estate to unauthorized uses or purposes?

It is claimed, in substance, by the learned counsel for the defendants, that the donee of the power could only direct by will to whom or to what uses the trustee under the settlement should convey the estate; and that the will attempts to charge the estate settled with the judgement in question; and that its payment will involve a sale of the same by the trustee; and that there is no authority thus to charge the estate or to create a power of sale for such purpose.

I consider the power of disposition of the trust estate by the donee, through a last will and testament, to be in effect absolute and unlimited. She is authorized to limit and appoint the same to such person or persons, to such uses and purposes, and in such manner as she may elect. That I take to be the

Kinnan agt. Guernsey.

substance of the power, and makes it both general and beneficial. The legal relation of the trustees under the settlement, however, in truth terminated with the death of Mrs. Reynolds, the tenant for life. The trustee, after that event, had no further active duties, unless the conveyance of the estate by the trustee to such uses and purposes as the donee might appoint should be regarded as such; but such act, if necessary, can hardly be placed in the category of active duties; for at the death of the.tenant for life her testamentary disposition became effective and carried the substantial interest, by force of the power, to the use and object to which she had appointed it, and such appointee, as a beneficiary under the will, is in a condition to maintain an action to compel the application of the settled estate in his favor according to the appointment of the testatrix and as fully and completely as she intended.

I consider it quite clear that the power granted is ample to justify the donee thereof, by will, to charge the trust estate with the payment of her debts, and as a result, whatever is necessary to legally effect that result, although it should involve a sale, may be done.

There is sufficient in the case to show that, although the judgment was recovered against Mrs. Reynolds, as executrix, she was legally and equitably bound to pay it. The estate of her deceased husband, which was ample for the purpose of discharging his debts, was suffered to be wasted, and there was not sufficient assets remaining in her hands to discharge this demand, and hence she became personally liable. And the evidence is sufficient to justify the conclusion that she regarded herself as so liable.

In the agreement of the 20th day of July, 1872, entered into between Mrs. Reynolds, her son, A. K. Laing, and Augustus W. Nicoll, which made an adjustment of certain liabilities in favor of A. K. Laing against his mother, she, amongst other things agreed to save him harmless, and protect him against this judgment, and in fact to satisfy and dis-

charge the same. And this result she intended to reach through the disposition made in her last will and testament, by making it a charge upon and payable from the estate which she was authorized to appoint in the manner above mentioned.

It can furnish no reasonable ground for complaint in a court of equity, that the donee of a general power to appoint an estate, should execute the power in favor of her creditors. Their claim is moral as well as legal.

The clause in the will limiting and appointing the estate to such purpose, refers directly to the clause in the agreement of settlement between herself, son, and trustee, of the 20th day of July, to which reference has been made above, and to an intended application to the supreme court to ratify and confirm the same, but the terms of the agreement were by her will confirmed fully, whether the same should or should not receive the approval of the court.

The agreement itself, by its terms, adopts as a personal obligation the debt as one for which the testatrix was bound, and its payment is assumed; and the will in legal effect charges it upon the settled estate, and authorizes its discharge therefrom.

It is quite true that by the strict terms of the power the trustee is directed to convey and transfer the estate to the persons, the uses, and in such manner as the donee should limit and appoint.

Having reference to the substance of the power, which is unlimited as to the direction to be given to the property by the donee, save that it should be done through a will, it would be an exceedingly narrow construction which would forbid a sale to satisfy the judgment. The absolute power of disposition, it seems to me, would embrace everything necessary to carry it out effectively.

The authorities to the effect, that under a power to appoint or direct the division of real estate to or among a particular class of persons, the donee can neither sell nor direct a sale of real estate, but can only appoint it specifically to or amongst

the persons designated, do not affect the power under consideration.

In the case of a special power in trust, its execution must be confined within the limits imposed, and when the power is to appoint land specifically to or among certain persons, who are designated, its conversion into personality, through a sale by the direction of the donee of the power, would not be a legal execution of the power.

But when we reach the conclusion that the power is general, and beneficial, and may be exercised in favor of the creditors of the donee, there is of necessity embraced in such conclusion the taking of every step necessary to give effect to the appointment, which would include a sale of the property if necessary.

There must be judgment for the plaintiff, the details of which appear by the findings of fact and conclusions of law which are filed herewith.